UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| KELLY JOHNSON ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. _____ |
| ) | |
| CUMBERLAND FARMS, INC. ) | |
| ) | |
| Defendant. ) | |

## NOTICE OF REMOVAL

Defendant Cumberland Farms, Inc. ("Defendant") files this Notice of Removal in accordance with 28 U.S.C. §§ 1332, 1441, and 1446 and hereby removes this action from the Superior Court of the State of Rhode Island, Kent County, to the United States District Court for the District of Rhode Island. As its reason for removal, Defendant states as follows:

## BACKGROUND

1. On May 19, 2021, Plaintiff Kelly Johnson ("Plaintiff") filed a Complaint against Defendant in Kent County Superior Court titled Kelly Johnson v. Cumberland Farms, Inc., C.A. No. KC 2021-0443 (the "Superior Court Action").

2. On June 21, 2021, with the consent of Plaintiff's counsel, counsel for Defendant agreed to waiver service of the summons and complaint in the Superior Court Action, and a Waiver of Service of Summons was filed in the Superior Court Action on June 22, 2021. The instant Notice of Removal is being filed within thirty days of the date on which Defendant was served with the Complaint in the Superior Court Action. 28 U.S.C. § 1446(b).

3. True and correct copies of the Complaint and the Waiver of Service of Summons caused to be served upon Defendants are attached as Exhibit A and constitute all processes, pleadings and orders served upon Defendant in this action to the present date. 28 U.S.C. § 1446(a).

4. Attached as Exhibit B is a copy of the Notice of Filing of Notice of Removal, the original of which is being filed with the Kent County Superior Court. 28 U.S.C. § 1446(d).

## DIVERSITY JURISDICTION

5. Based on the allegations of the Complaint, Plaintiff is a citizen of the State of Connecticut. *See* Complaint ¶ 3.

6. Defendant is a Delaware corporation and maintains a principal place of business in the Commonwealth of Massachusetts, and therefore Defendant is a citizen of Delaware and Massachusetts.

7. Diversity of citizenship existed between the parties at the time Plaintiff's Complaint was filed. Diversity of citizenship continues to exist at the time this Notice of Removal is being filed.

8. Although the Complaint does not specify the precise amount of damages sought, the amount in controversy in this case exceeds $75,000.

9. Plaintiff seeks to recover back pay and benefits, emotional distress damages, loss of enjoyment of life, humiliation, and damage to her personal and business reputation as a result of the alleged sexual harrassment. Further, Plaintiff seeks an award of reasonable attorneys' fees and punitive damages in this case. Finally, Plaintiff seeks declaratory relief directing Defendant to place Plaintiff in the position she would have occupied but for the allegedly discriminatory and retaliatory treatment of her. *See* Complaint ¶¶ 48-57, & Prayer for Relief Section. Upon information and belief, the amount in controversy exceeds $75,000, exclusive of interest and costs.

10. Plaintiff earned approximately $13/hour and worked forty hours per week. Inasmuch as Plaintiff claims her employment was terminated in violation of Rhode Island law, on or about June 23, 2019, Compl. ¶ 39, her back pay claim, using a conservative estimate for an

anticipated trial date of January 2023, amounts to more than $75,000. Moreover, even if Plaintiff has mitigated her damages, her alleged backpay, plus other measures of damages as noted below, exceed the jurisdictional threshold of $75,000.

11.     The Rhode Island Civil Rights Act ("RICRA"), 42 U.S.C. § 112-1 *et seq.*, the statute under which Plaintiff seeks redress, permits an award of compensatory damages for emotional pain and suffering. Such damages can be considered for purposes of determining the amount in controversy. *See Penalver v. Northern Elec., Inc.*, 2012 U.S. Dist. LEXIS, at *8 (S.D. Fla. Apr. 17, 2012); *Toglan v. Marriott Int'l, Inc.*, 2011 U.S. Dist. LEXIS 91313, at *12 (D. Mass. Aug. 15, 2011); *Antonucci v. Cherry Hill Manor*, 2006 U.S. Dist. LEXIS 65291, at *6 n.1 (D.R.I. Aug. 22, 2006); *Gabrielle v. Allegro Resorts Hotels*, 210 F. Supp. 62, 65 (D.R.I. 2002).

12.     RICRA also permits an award of punitive damages. Punitive damages can be considered for purposes of determining the amount in controversy under 28 U.S.C. § 1332. *See Penalver*, 2012 U.S. Dist. LEXIS at *9; *Toglan*, 2011 U.S. Dist. LEXIS at *12; *Antonucci*, 2006 U.S. Dist. LEXIS at *6 n.1.

13.     In addition, RICRA permits an award of attorneys' fees to a prevailing party. Attorneys' fees can be considered in determining the amount in controversy under 28 U.S.C. § 1332. The Court can include attorneys' fees in its amount in controversy analysis as long as the "state law 'allows plaintiffs to collect attorney's fees as part of their damages.'" *Dias v. Genesco, Inc.*, 365 F. Supp. 3d 158, 160 (D. Mass. 2019) (quoting *Spielman v. Genzyme Corp.*, 251 F.3d 1, 7 (1st Cir. 2001)). *See also Penalver*, 2012 U.S. Dist. LEXIS at *10; *Toglan*, 2011 U.S. Dist. LEXIS at *12; *Antonucci*, 2006 U.S. Dist. LEXIS at *6 n.1.

14.     Prior to filing this Notice of Removal, Defendant's counsel asked Plaintiff's counsel to stipulate that the amount in controversy is less than $75,000, but Plaintiff's counsel declined to so stipulate.

15.     Accordingly, the United States District Court for the District of Rhode Island has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), as this is a civil action between citizens of different states in which the amount in controversy exceeds the statutory requirement. The Complaint is properly removed pursuant to 28 U.S.C. §§ 1441 and 1446.

### REMOVAL TO THIS DISTRICT IS PROPER

15.     This Notice of Removal is being filed in the District of Rhode Island, the District Court of the United States for the district and division within which the Superior Court Action is pending.  28 U.S.C. §§ 1441(a) and 1446(a).

WHEREFORE, Defendant respectfully requests that the Superior Court Action be removed and proceed in the United States District Court for the District of Rhode Island.

Respectfully submitted,

CUMBERLAND FARMS, INC.

By its attorneys,

/s/ Raymond M. Ripple
Raymond M. Ripple (#6489)
LITTLER MENDELSON, P.C.
One Financial Plaza, Suite 2205
Providence, RI  02903
(401) 824-2500
(401) 633-7160 (fax)
rripple@littler.com

Dated: July 13, 2021

## CERTIFICATE OF SERVICE

I, Raymond M. Ripple, certify that a true and accurate copy of the foregoing Notice of Removal was filed electronically by operation of the Court's CM/ECF System and served electronically as identified on the Notice of Filing as well as via email upon the following counsel of record on this 13th day of July, 2021:

Robert Savage, Esq.
Savage & Savage
156 Airport Road
Warwick, RI 02889
robert@savageandsavage.com


/s/ Raymond M. Ripple
Raymond M. Ripple