# EXHIBIT A

Case Number: KC-2021-0443
Filed in Kent County Superior Court
Submitted: 5/19/2021 10:45 AM
Envelope: 3107064
Reviewer: Lindsay Z.

| | | |
|---|---|---|
| **KELLY JOHNSON,** | ) | |
|     **Plaintiff** | ) | **STATE OF RHODE ISLAND** |
| | ) | **KENT COUNTY, S.C.** |
| | ) | |
| **V.** | ) | |
| | ) | **C.A. No.: KC 2021-** |
| | ) | |
| **CUMBERLAND FARMS, INC.** | ) | |
|     **Defendant** | ) | **CIVIL ACTION** |

## COMPLAINT

### PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL CAUSES OF ACTION

*NATURE OF CASE*

1. Plaintiff, Kelly Johnson, is filing this Complaint against her former employer, CUMBERLAND FARMS, INC. Plaintiff is filing this Complaint to obtain full and complete relief and to redress the unlawful employment practices described herein.

2. Plaintiff is seeking declaratory and injunctive relief, attorney fees and other litigation expenses and other equitable relief, including but not exclusively back pay and back benefits, as well as compensatory and punitive damages against defendants for: (a) subjecting Plaintiff to a pervasive and severe sexually hostile work environment and (b) terminating Plaintiff's employment with it to retaliate against her for reporting to superiors that she was being sexually harassed in the workplace.   These actions were in violation of the *Rhode Island Civil Rights Act*, R.I. Gen. Laws §§ 42-112-1 *et seq.* ("RICRA").

*PARTIES*

3. The Plaintiff is Kelly Johnson.  She is currently a resident of Sterling, CT..

Case Number: KC-2021-0443
Filed in Kent County Superior Court
Submitted: 5/19/2021 10:45 AM
Envelope: 3107064
Reviewer: Lindsay Z.

Case 1:21-cv-00292-WES-LDA    Document 1-1    Filed 07/13/21    Page 3 of 14 PageID #: 8

2 of 12

4. Cumberland Farms, Inc. is a Massachusetts for-profit corporation doing business in Rhode Island that at all times employed 15 or more employees while Plaintiff worked for it and for at least two years before she worked for it.

## JURISDICTION and VENUE

5. This court has explicit  jurisdiction over the Plaintiff's Rhode Island Civil Rights Act claim pursuant to RIGL § 42-112-2 and this Complaint was filed within its applicable three year statute of limitations.

6. Venue is proper in this court since the alleged unlawful employment practices occurred in Kent County.

### *ALLEGATIONS COMMON TO ALL CAUSES OF ACTION*

7. After receiving initial training, Plaintiff began working third shift at the Cumberland Farms, Inc. in early April 2019 at its New London Turnpike, Coventry Rhode Island location.

8. Her store manager, Kaitlyn Lowe, was having difficulty filling third shift slots for this store. To make sure she would have coverage for this shift, Ms. Lowe contacted "Stacy" from the Natick Road, Warwick R.I. location to see if she had

Case Number: KC-2021-0443
Filed in Kent County Superior Court
Submitted: 5/19/2021 10:45 AM
Envelope: 3107064
Reviewer: Lindsay Z.

any employees interested in filling 3rd shift slots at the New London Turnpike

store.

9.  In mid-April 2019, "Stacy" sent an employee "Dave" from the Natick Road store

to cover 3rd shift slots at the New London Turnpike store.

10. Dave actually ended up transferring to the New London Turnpike store that same

week.

11. Dave began sexually harassing Plaintiff from the start, and it became

progressively more severe.

12.  When he first started, Dave intentionally touched Plaintiff's arm as he talked

to her.

13.  Plaintiff reacted immediately by telling him not to touch her.

14.  Dave responded by laughing.

15.  Soon after, Dave began calling her inappropriate names such as "hun",

"babe" and "sweetie."

16. Plaintiff let him know that she did not welcome this by immediately

responding to him that her "name is Kelly."

17. Dave progressed to texting her to go out on dates with him and she refused

each time he texted her.

Case Number: KC-2021-0443
Filed in Kent County Superior Court
Submitted: 5/19/2021 10:45 AM
Envelope: 3107064
Reviewer: Lindsay Z.

Case 1:21-cv-00292-WES-LDA   Document 1-1   Filed 07/13/21   Page 5 of 14 PageID #: 10

4 of 12

18.  Also, even though Plaintiff told him not to touch her, Dave kept making excuses
to touch Plaintiff. For example, he would put his hands on Plaintiff's hips as he
walked by.

19.  Since telling him when they were alone to stop touching her did not work,
Plaintiff resorted to telling Dave to stop touching her in the presence of a
customer, but he again simply laughed at her in response.

20. It was evident to Plaintiff that Dave was not going to stop sexually harassing
her unless her supervisors intervened.

21. Plaintiff first told the assistant managers, Kevin and Scott, the details of how
Dave was continually harassing her, and they told her that they would inform
the store manager, Kaitlyn, what she had reported to them.

22. Soon after she made this report, Dave came up from behind her while she
was on the way to the bathroom and rested his head on her shoulder and

while making a move to hug her, stated to her, "This could be fun." Plaintiff

immediately stopped him from hugging her by pushing him away.

23. Shortly thereafter, Kailyn asked Plaintiff about her allegations that Dave was

sexually harassing her, and Plaintiff responded by telling her the details of

the sexually hostile work environment that Dave was inflicting on her.

24.  Kaitlyn responded by asking Plaintiff to show her the texts Dave had sent

her, and Plaintiff showed them to her.

25. Kaitlyn then asked Plaintiff if anyone else had seen or heard Dave harass her.

Plaintiff told her that a co-worker, "Rose," had witnessed Dave harassing her.

26. Kaitlyn directed both Plaintiff and Rose to write statements.

27. Both Plaintiff and Rose turned in statements that described how Dave had

harassed Plaintiff.

28.  Shortly after giving her the written statement, Kaitlyn terminated Rose with

no legitimate reason other than she was not "a good fit for the team."

29. It was evident that the real reason Kaitlyn terminated Rose was to retaliate

against her for willingly being a witness to confirm Plaintiff's claims that

Dave was sexually harassing her.

30. Kaitlyn then turned to creating excuses to terminate Plaintiff, which her

obvious motivation was to retaliate against her for reporting that she was

being sexually harassed by Dave.

Case Number: KC-2021-0443
Filed in Kent County Superior Court
Submitted: 5/19/2021 10:45 AM
Envelope: 3107064
Reviewer: Lindsay Z.

Case 1:21-cv-00292-WES-LDA   Document 1-1   Filed 07/13/21   Page 7 of 14 PageID #: 12

6 of 12

31. Prior to Plaintiff reporting to Kaitlyn that Dave was sexually harassing her, Kaitlyn had given her wide discretion to perform her job duties and only loosely supervised her.

32. However, after she gave the statement, Kaitlyn began to micromanage Plaintiff and began creating a paper trail to justify terminating her.

33. For example, Kaitlyn gave Plaintiff a warning for texting as a method to notify Kaitlyn that she would not be able to make it in for one of her shifts; she did this even though this had been an acceptable method of communication in the past.

34. Next, Kaitlyn gave Plaintiff a warning for ringing on the same drawer as the person working with her. This was something that had been the practice in the store since Plaintiff started working at this store.

35. It had been the practice for Plaintiff to sign in her drawer when she started on third shift and she was authorized to allow the second shift employee to continue to work out of that drawer until she actually stopped working, which was usually less than an hour into third shift.

36. Also, Katlyn directed Plaintiff to sign in first shift employees to a drawer at 3 a.m. even though their first shift did not start until 6 or 7 a.m. and Plaintiff

Case Number: KC-2021-0443
Filed in Kent County Superior Court
Submitted: 5/19/2021 10:45 AM
Envelope: 3107064
Reviewer: Lindsay Z.

Case 1:21-cv-00292-WES-LDA   Document 1-1   Filed 07/13/21   Page 8 of 14 PageID #: 13

7 of 12

would then ring on their registers until the first shift employee arrived at
work between 6 to 7 a.m.

37.  Kaitlyn gave Plaintiff her manager number so she could sign these
employees into the register as she had been directed.

38. On certain nights, an employee "Crystal," who worked second shift, would
continue to ring on the third shift employees' drawers from 11:00 p.m.-12:00
a.m. while she waited for someone to pick her up at 12:00 a.m. under
Kaitlyn's full knowledge and approval.

39. On or about June 23, 2019, Kaitlyn came in at 11:00 p.m. as Plaintiff was
starting her shift and asked her to come to her office.

40. Kaitlyn asked Plaintiff who was ringing on her drawer.

41. Plaintiff told Kaitlyn that she knew Kaitlyn was aware that Crystal had
routinely rung on Plaintiff's drawer and that Kaitlyn had explicitly approved
it.

42. Plaintiff told Kaitlyn that she was not going tolerate getting another
fabricated warning from her and was going to report it to corporate if it
happened again.

43.  Kaitlyn responded by telling Plaintiff: "I'm not writing you up, I'm firing you."

44. Plaintiff asked her how she could justify terminating her for letting Crystal
ring on her drawer when Kaitlyn had approved it; she also stated to Kaitlyn

Case Number: KC-2021-0443
Filed in Kent County Superior Court
Submitted: 5/19/2021 10:45 AM
Envelope: 3107064
Reviewer: Lindsay Z.

Case 1:21-cv-00292-WES-LDA   Document 1-1   Filed 07/13/21   Page 9 of 14 PageID #: 14

8 of 12

that  it also made no sense since she had directed her to sign in first shift

employees on registers hours before they started their shifts.

45. Kaitlyn could not give Plaintiff an answer because she was actually making

up an excuse to fire her to try to cover up her retaliatory motive.

46. Kaitlyn knew that she had allowed Crystal to ring on third shift employees'

registers and that she had given Plaintiff her manager number to sign first

shift employees in before the shift even started.

47. As a result, Kaitlyn knew that was no basis for her attempt to defend herself

and simply went through with firing Plaintiff without any actual legitimate

basis.

*FIRST CAUSE OF ACTION*

*SEXUALLY HOSTILE WORK ENVIRONMENT*

*RICRA, R. I Gen. Laws §§ 42-112-1 et seq.*

KELLY JOHNSON  V. CUMBERLAND FARMS, INC.

48. Plaintiff repeats and re-alleges each and every allegation contained in above

paragraphs of this Complaint with the same force and effect as if set forth herein.

49. Plaintiff had an employer and employee relationship with Defendant,

CUMBERLAND FARMS, INC. that acted through its management and

supervisory employees.

50. Plaintiff's employee-employer relationship with CUMBERLAND FARMS, INC.

constitutes a contractual relationship within the meaning of The Rhode Island

Civil Rights Act, RI Gen. Laws §§ 42-112-1 *et seq*. ("RICRA").

Case Number: KC-2021-0443
Filed in Kent County Superior Court
Submitted: 5/19/2021 10:45 AM
Envelope: 3107064
Reviewer: Lindsay Z.

Case 1:21-cv-00292-WES-LDA   Document 1-1   Filed 07/13/21   Page 10 of 14 PageID #: 15

9 of 12

51. On the basis of the above facts, in violation of the RICRA, Plaintiff was subjected to a sexually hostile work environment by her former employer, CUMBERLAND FARMS, INC., through the action of its manager, Kaitlyn.

52. The sexually hostile work environment created by the Defendant was unwelcome and personally offensive to Plaintiff, as it would have been to the reasonable person in her position, and was both pervasive and severe to the extent that it adversely changed her working conditions and her ability to perform her job, as it would have to a similarly situated reasonable person in her position.

53. Pursuant to the RICRA, CUMBERLAND FARM, INC. is legally responsible for Dave's actions in subjecting Plaintiff to a sexually hostile work environment because its management employment, Kaitlyn, failed to take prompt appropriate remedial action to attempt to stop the harassment from continuing and fired Plaintiff to avoid having to take such action.

54. Plaintiff suffered, is now suffering, and will continue to suffer, unless and until this Court grants relief, economic damages, including, but not limited to, back pay and benefits, and emotional damages, including, but not limited to, emotional distress, loss of enjoyment of life, humiliation, and damage to her personal and business reputation as a result of Defendant subjecting her to a sexually hostile work environment and for terminating her so that it could avoid having to take prompt appropriate remedial action to attempt to stop the sexual harassment from continuing.

Case Number: KC-2021-0443
Filed in Kent County Superior Court
Submitted: 5/19/2021 10:45 AM
Envelope: 3107064
Reviewer: Lindsay Z.

Case 1:21-cv-00292-WES-LDA   Document 1-1   Filed 07/13/21   Page 11 of 14 PageID #: 16

10 of 12

## SECOND CAUSES OF ACTION

## RETALIATION (post-employment)

### RICRA, R.I Gen. Laws §§ 42-112-1 et seq.

## KELLY JOHNSON V. CUMBERLAND FARMS, INC.

55. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint with the same force and effect as if set forth herein.

56. Defendant retaliated against Plaintiff in violation of the Rhode Island Civil Rights Act, RIGL § 42-112-1 *et. seq.* for reporting to Defendant management employee, Kaitlyn, that she was being subjected to a sexually hostile work environment by terminating Plaintiff's employment with Defendant and making up pre-textual excuses to attempt to cover up the retaliatory motive.

57. The Plaintiff suffered, is now suffering, and will continue to suffer emotional damages, loss of enjoyment of life, damage to her business and professional reputation, other emotional damages, loss of pay and benefits and other economic injury, and other damages, as the result of having been retaliated against by Defendant, unless and until this Court grants relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment:

a. Declaring that Defendant's acts and practices complained of herein are in violation of the Rhode Island Civil Rights Act, RI Gen. Laws §§ 42-112-1 *et. seq.*;

b. Enjoining and permanently restraining the Defendant from further violating the Rhode Island Civil Rights Act, RI Gen. Laws §§ 42-112-1 *et. seq.*;

Case Number: KC-2021-0443
Filed in Kent County Superior Court
Submitted: 5/19/2021 10:45 AM
Envelope: 3107064
Reviewer: Lindsay Z.

Case 1:21-cv-00292-WES-LDA   Document 1-1   Filed 07/13/21   Page 12 of 14 PageID #: 17

11 of 12

c.  Directing Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful discriminatory and retaliatory practices are eliminated and do not affect Plaintiff's future employment opportunities;

d.  Directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory and retaliatory treatment of her, and make her whole for all earnings she would have received but for Defendant's discriminatory and retaliatory treatment, including, but not limited to, wages and employee benefits;

e.  Awarding the Plaintiff compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses to be determined by a jury for violations of the Rhode Island Civil Rights Act, RI Gen. Laws §§ 42-112-1 *et seq.*;

f.  Awarding the Plaintiff punitive damages for Defendant's intentional violations of the Rhode Island Civil Rights Act, RI Gen. Laws §§ 42-112-1 *et seq.*  Defendant was aware of the Plaintiff's statutory rights pursuant to the Rhode Island Civil Rights Act, RI Gen. Laws §§ 42-112-1 *et. seq.* and intentionally violated them and did so with malice and ill will toward Plaintiff and/or reckless indifference to the statutorily protected rights of Plaintiff;

g.  Awarding Plaintiff the costs of this action together with reasonable attorney's fees and expert witness fees pursuant to the Rhode Island Civil Rights Act, RI Gen. Laws §§ 42-112-2;

h.  Awarding Plaintiff pre-judgment and post-judgment interest;

i.  Granting such other and further relief as this Court deems necessary and proper.

## DEMAND FOR A TRIAL BY JURY

Plaintiff demands a trial by jury on all causes of action.

Case Number: KC-2021-0443
Filed in Kent County Superior Court
Submitted: 5/19/2021 10:45 AM
Envelope: 3107064
Reviewer: Lindsay Z.

Respectfully submitted,
By Plaintiff's Attorney,

/s/ Robert E. Savage
Robert E. Savage (#4461)
SAVAGE & SAVAGE
156 Airport Road
Warwick, RI 02889
Telephone: (401) 732-9500
Fax: (401) 732-0166
Dated: May 19, 2021
robert@savageandsavage.com

Case Number: KC-2021-0443
Filed in Kent County Superior Court
Submitted: 6/22/2021 12:24 PM
Envelope: 3157695
Reviewer: Lindsay Z.



# STATE OF RHODE ISLAND

## SUPERIOR COURT

### WAIVER OF SERVICE OF SUMMONS

| **Plaintiff/Petitioner** | **Civil Action File Number** |
|---|---|
| Kelly Johnson | KC-2021-0443 |
| **Defendant/Respondent** | |
| Cumberland Farms, Inc. | |

| ☐ Murray Judicial Complex<br>Newport County<br>45 Washington Square<br>Newport, Rhode Island  02840-2913 | ☑ Noel Judicial Complex<br>Kent County<br>222 Quaker Lane<br>Warwick, Rhode Island  02886-0107 |
|---|---|
| ☐ McGrath Judicial Complex<br>Washington County<br>4800 Tower Hill Road<br>Wakefield, Rhode Island  02879-2239 | ☐ Licht Judicial Complex<br>Providence/Bristol County<br>250 Benefit Street<br>Providence, Rhode Island  02903-2719 |

To: Robert E. Savage, Esquire

    1.  I acknowledge receipt that I waive service of a summons in the above-entitled case.  I have also received a copy of the complaint in this case, Language Assistance Notice, two (2) copies of this document, and a means by which I can return the signed waiver to you without cost to me.

    2.  I agree to save the cost of service of a summons and an additional copy of the complaint in this case by not requiring that I (or the entity on whose behalf that I am acting) be served with judicial process in the manner provided by Rule 4.

    3.  I (or the entity on whose behalf that I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based upon a defect in the summons or in the service of the summons.

    4.  I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon the opposing party within sixty (60) days after _____6/21/2021_____ or within ninety (90) days after that date
                             (date request was sent)
if the request was sent outside the United States.

| Name |
|---|
| Raymond M. Ripple, Esquire on behalf of Cumberland Farms, Inc. |
| Signature |
|    /s/ Raymond M. Ripple |

| Address: One Finanical Plaza, Suite 2205, Providence, RI 02903 | |
|---|---|
| Telephone Number: 401-824-2505 | Date:  6/22/2021 |

Superior-64 (revised June 2020)